JUDE G. GRAVOIS, Judge.
1 ¡¿Defendant, Israel A. Britton, appeals his convictions of three counts of armed robbery with a firearm, violations of La. R.S. 14:64 and La. R.S. 14:64.3, respectively. For the reasons that follow, we affirm defendant’s convictions and sentences, and grant appellate counsel’s motion to withdraw as counsel of record for defendant.

ANALYSIS

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, *845 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed |sappellate counsel requests permission to withdraw as counsel of record for defendant.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, supra at 241, the Louisiana Supreme Court stated that an An-ders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an An-ders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, supra at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may |4grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal points identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
On February 5, 2013, defendant was charged, along with several co-defendants, by bill of information with three counts of armed robbery while armed with a dangerous weapon, to-wit: a firearm, in violation of La. R.S. 14:64 and 14:64.3. The facts of the offenses were not developed at the guilty plea hearing. The bill of information reflects that the offenses occurred on or about January 7, 2013 and involved three separate victims. In pretrial proceedings, defendant filed an omnibus motion which included a motion to suppress identification and evidence. The record reflects that the motions were set for a hearing, but were ultimately continued until the date defendant pleaded guilty, and were never ruled upon.
On October 25, 2013, defendant entered a plea of guilty to the three offenses charged in the bill of information. Defendant was sentenced that same day. The plea was entered without a reservation of defendant’s right to appeal any pretrial rulings. Further, the plea was entered pursuant to a plea agreement in which it was agreed that defendant would receive a sentence of ten years at hard labor, with *846 out the benefit of parole, probation or suspension of sentence, for each of the three counts of armed robbery, and additional consecutive terms of five years at hard labor, without the benefit of parole, probation or suspension of sentence, for each of the counts for the use of a firearm during the commission of the armed robberies, for a total of fifteen years at hard labor, without the benefit of parole, probation or suspension of sentence. It was agreed that the sentences on each | ¡¡charge would be served concurrently. The record reflects that defendant was sentenced accordingly.
The trial court informed defendant of the time delays for filing an appeal and for filing an application for post-conviction relief. Defendant subsequently filed a pro se request for an out-of-time appeal, which the trial court granted.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel indicates that defendant was informed of his constitutional rights, as well as the sentences that he would receive. Appellate counsel has filed a motion to withdraw as counsel of record for defendant and mailed defendant a copy of her brief. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed by his counsel and that he had until October 24, 2014 to file a pro se supplemental brief. Defendant has not filed a brief in this matter.
The State responds that defendant’s appellate counsel has cast an advocate’s eye over the record and determined that there were no non-frivolous issues upon which to base an appeal. The State further responds that defendant was advised of his Boykin[3] rights and waived those rights. The State argues that defendant’s plea was voluntary and that the court fully explained the sentencing guidelines, as well as the sentence that defendant would receive. The State concludes that defendant’s appellate counsel has conformed with the procedures set forth in Anders and Jyles and should be allowed to withdraw.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill of information properly charged defendant. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged and cites the | ¡¡statutes that defendant violated. It also sufficiently identifies defendant and the crimes charged. Also, as reflected by the minute entries and commitment, defendant appeared at his arraignment, guilty plea proceeding, and sentencing. Further, defendant pled guilty as charged. If a defendant pleads guilty, he normally waives all. non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
Additionally, no rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976). Also, although defendant filed pre-trial motions, the record does not reflect rulings on those motions. When a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. In the instant case, defendant did not object to the trial court’s failure to hear or rule on his pre-trial motions prior- to ac *847 cepting his guilty plea. Therefore, the motions are considered waived.
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or on post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La.1984).
17The record indicates that defendant was aware that he was pleading guilty to three counts of armed robbery while armed with a firearm. On the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. In open court, defendant indicated that he understood that he was waiving these rights by pleading guilty. Defendant further indicated that he had not .been forced, coerced, or threatened to enter his guilty pleas. By signing the waiver of rights form, defendant indicated that he understood the sentencing ranges for his respective crimes, as well as the actual sentences he would receive. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. See also State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Finally, it is noted that defendant’s sentences fall within the sentencing range set forth in the respective statutes and do not present any non-frivolous issues for appeal.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, defendant’s convictions and sentences are affirmed and appellate counsel’s motion to withdraw as counsel of record for defendant is hereby granted.

ERRORS PATENT REVIEW

A review of the record for errors patent, according to La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), reveals no errors patent.

\ ¿CONCLUSION

For the foregoing reasons, defendant’s’ convictions and sentences are affirmed. Appellate counsel’s motion to withdraw as counsel of record for defendant is hereby granted.

AFFIRMED: MOTION TO WITHDRAW GRANTED

. In Bradford, supra, this Court adopted the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), and sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).